EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2016 TSPR 27 |
|---|---|
| Rafael J. Vázquez González | 194 DPR ____ |

Número del Caso: TS-9498

Fecha: 16 de febrero de 2016

Oficina de Inspección de Notarías:

Lcdo. Manuel Ávila de Jesús
Director

Materia: Conducta Profesional – La suspensión será efectiva el 18 de febrero de 2016, fecha en que se le notificó al abogado de su suspensión inmediata

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re:* | |
| | TS-9498 |
| Rafael J. Vázquez González | |

*PER CURIAM*

San Juan, Puerto Rico, a 16 de febrero de 2016

En esta ocasión, nos corresponde ordenar la suspensión inmediata e indefinida de un miembro de la profesión legal como resultado de su reiterado incumplimiento con los requerimientos de la Oficina de Inspección de Notarías (ODIN), las órdenes de este Tribunal, la *Ley Notarial de Puerto Rico* (*Ley Notarial*), 4 L.P.R.A. sec. 2001 et seq., y el *Reglamento Notarial de Puerto Rico* (*Reglamento Notarial*), 4 L.P.R.A. Ap. XXIV.

**I**

El Lcdo. Rafael J. Vázquez González fue admitido al ejercicio de la abogacía el 3 de enero de 1990 y al ejercicio de la notaría el 22 de enero de 1991. El 26 de mayo de 2011, el licenciado Vázquez González realizó un pago correspondiente a su Fianza Notarial ante el Colegio de Abogados de Puerto Rico (CAPR). Posteriormente, el CAPR le cursó una misiva en la que le informó que su Fianza Notarial se encontraba al descubierto desde el año 2002. Además, el CAPR hizo constar que, en vista de la

situación, le había solicitado a la ODIN, el 31 de marzo de 2009, que realizara una inspección de la obra notarial del licenciado Vázquez González correspondiente a los años de 2002 a 2009. Esto, ya que la Junta Administrativa del Fondo de Fianza Notarial del CAPR requería que se certificara como aprobada su obra notarial para afianzarlo retroactivamente.

El 25 de junio de 2012, la Lcda. Norma Acosta de Santiago, Inspectora de Notarías, rindió un informe ante la ODIN detallando las gestiones realizadas con relación a la inspección de la obra notarial del licenciado Vázquez González. En éste, indicó que no se logró aprobar la obra protocolar correspondiente a los años 1999, 2000, 2002, 2004 y 2005, debido a que el notario no había subsanado las deficiencias notificadas en el *Informe de Inspección-Señalamiento Preliminar de Faltas* de 27 de marzo de 2012. Además, hizo constar que el licenciado Vázquez González "ha estado evadiendo y posponiendo los requerimientos de [la] ODIN desde el 16 de junio de 2011, fecha en que se le citó inicialmente para inspección".[1]

Posteriormente, el 20 de agosto de 2013, la Inspectora de Notarías presentó un segundo informe ante la ODIN. En éste, informó que, luego de reinspeccionar la obra notarial del licenciado Vázquez González, se aprobaron los protocolos correspondientes a los años 1999,

---

[1] Posteriormente, el licenciado Vázquez González respondió al informe y, el 25 de marzo de 2013, se realizó una reinspección de su obra notarial.

2000, 2002 y 2005. No obstante, hizo constar que no fue posible aprobar el protocolo para el año 2004.[2]

Por otro lado, la Inspectora de Notarías informó que el licenciado Vázquez González le hizo entrega del Libro de Registro de Testimonios que comprendía los testimonios autorizados por éste hasta el 24 de septiembre de 2001. Señaló que éste no fue aprobado ya que el notario obvió cancelar múltiples sellos en los asientos del Libro de Registro. Cabe señalar que, el licenciado Vázquez González no entregó el Libro de Registro de Testimonios para el periodo que comprende desde el 25 de septiembre de 2001 hasta el año 2013.

En consideración a que el licenciado Vázquez González no reaccionó a este segundo informe dentro del término de quince (15) días dispuesto en la Regla 77(k) del *Reglamento Notarial*, 4 L.P.R.A. Ap. XXIV R. 77(k), y ya que no subsanó las faltas señaladas, el Director de la ODIN presentó ante este Tribunal una *Moción Informativa Solicitando Remedios*.

En ésta, se realizó un recuento de las múltiples gestiones que efectuó la ODIN durante el proceso de inspección y se hizo constar que, el 28 de agosto de 2013, el Registro General de Competencias Notariales -adscrito a la ODIN- certificó que el licenciado Vázquez González adeudaba un sinnúmero de índices de actividad mensual

---

[2] La ODIN identificó como deficiencias la ausencia de pagarés cancelados, correspondientes a las escrituras número 3 y número 4 del protocolo del año 2004.

notarial, así como múltiples informes estadísticos de actividad notarial anual.[3] Asimismo, se hizo constar que, el 5 de marzo de 2014, el Director de la ODIN le notificó al licenciado Vázquez González -por segunda vez- el referido informe, otorgándole a éste un término final e improrrogable de cinco (5) días para que compareciere ante la ODIN. El licenciado Vázquez González hizo caso omiso a esta notificación.

Evaluada la información provista por la ODIN, este Tribunal emitió una *Resolución*, el 3 de junio de 2014, en la que se ordenó la incautación de la obra notarial del licenciado Vázquez González y se le concedió a éste un término de cinco (5) días para mostrar causa por la cual no debía ser suspendido de la práctica de la abogacía por su reiterado incumplimiento con los requerimientos de la ODIN.

El licenciado Vázquez González compareció ante este Foro mediante escrito intitulado *Cumplimiento de Orden*. En síntesis, reconoció como certeros los señalamientos que le cursó la ODIN e intimó que no los atendió debido a que no tenía conocimiento sobre cómo subsanar las deficiencias señaladas. Además, adujo que se encontraba atravesando situaciones personales que lo "abruma[ron] de gran manera"

---

[3] Surge de la *Moción Informativa* que el licenciado Vázquez González adeudaba treinta y cinco (35) índices de actividad mensual notarial para los años de 1997 a 2013. Asimismo, éste adeudaba seis (6) informes estadísticos de actividad notarial anual, correspondientes a los años 2002, 2003, 2009, 2010, 2011 y 2012.

y, por consiguiente, le habían impedido cumplir con los señalamientos de la ODIN.

Posteriormente, este Tribunal emitió una *Resolución*, el 30 de enero de 2015, donde se le concedió un término de veinte (20) días al licenciado Vázquez González y a la ODIN, simultáneamente, para informar las gestiones realizadas en aras de subsanar las faltas señaladas. El licenciado Vázquez González no compareció.

El 17 de noviembre de 2015, la ODIN presentó una *Moción en Solicitud de Remedios*. En ésta, el Director de la ODIN informó que, al realizar el proceso de incautación de la obra notarial del licenciado Vázquez González, éste omitió hacer entrega del Libro de Registro de Testimonios correspondiente a los testimonios autorizados desde el 2 de septiembre de 2001 hasta el año 2011. Asimismo, indicó que la ODIN desconocía la cantidad de testimonios que éste autorizó durante los años 2012, 2013 y 2014, debido al incumplimiento del licenciado Vázquez González con presentar los índices e informes de actividad notarial pertinentes a ese periodo. Finalmente, señaló que el licenciado Vázquez González no había respondido a los diversos requerimientos que le cursó la ODIN y que, a la fecha, no había acreditado el pago de su Fianza Notarial desde el año 2002.

Por último, señalamos que, el 12 de enero de 2016, este Tribunal le cursó una *Resolución* al licenciado Vázquez González otorgándole un término improrrogable de

cinco (5) días para que mostrara causa por la cual no debía ser suspendido indefinidamente de la práctica de la abogacía y la notaría por incumplir con la Ley y el Reglamento Notarial, los requerimientos de la ODIN y nuestras órdenes.

El licenciado Vázquez González compareció mediante una *Moción en Cumplimiento de Resolución.* En ésta, reconoce que los señalamientos que le fueron realizados eran correctos y admitió que desaprovechó las oportunidades para subsanar las deficiencias señaladas por la ODIN respecto a su obra notarial. Finalmente, adujo situaciones personales y padecimientos de salud como las razones para su reiterado incumplimiento. A pesar de ello, admite que sus argumentos no son suficientes para excusar su conducta. Coincidimos.

**II**

Es imperativo que la función notarial se ejerza con dedicación, celo profesional y en estricto cumplimiento de la *Ley Notarial*, el *Reglamento Notarial*, y los postulados consagrados en el *Código de Ética Profesional*, 4 L.P.R.A. Ap. IX. Véase *In re: María N. Toro Imbernón*, 2016 T.S.P.R. 8, en la pág. 6, 194 D.P.R. ____ (2016); *In re: Luis G. Salas González*, 2015 T.S.P.R. 88, 193 D.P.R. ____ (2015). Ciertamente, el incumplimiento con lo dispuesto en estos cuerpos normativos constituye una conducta reprochable que expone al profesional del Derecho a acciones disciplinarias. *In re: López Cordero*, 164 D.P.R. 710, 715-

716 (2005). En particular, respecto a los notarios, hemos expresado que aquel "abogado que entienda que no puede cumplir cabalmente con las obligaciones del cumplimiento estricto que le impone la Ley Notarial de Puerto Rico y su reglamento debe, en un ejercicio de honestidad profesional, abstenerse de practicar el notariado." *In re: Carrasquillo Martínez*, 173 D.P.R. 798, 801 (2008); véase, además, *In re: Miranda Casasnovas*, 175 D.P.R. 774, 778-779 (2009).

Por otro lado, debemos recalcar que los profesionales del Derecho tienen el deber de contribuir para salvaguardar la integridad y eficacia de nuestro ordenamiento jurídico. En consideración a ello, el canon 9 del *Código de Ética Profesional* dispone que todo abogado "debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 L.P.R.A. Ap. IX C. 9. Se desprende de este principio el deber inexorable de todo abogado de responder de forma diligente a los requerimientos de este Tribunal; particularmente, cuando las órdenes o apercibimientos sobrevienen en procedimientos disciplinarios. Véase *In re: Marrero García*, 187 D.P.R. 578 (2012). Asimismo, hemos dispuesto que esta obligación se tiene que observar para con los señalamientos de la ODIN. *In re: Santiago García*, 175 D.P.R. 990, 993 (2009).

Este deber permea, a su vez, el ejercicio de la notaría. En lo pertinente a esta controversia, todo

notario tiene el deber de subsanar aquellas deficiencias que la ODIN le notifique respecto a su obra notarial. Los notarios no pueden asumir una actitud pasiva y esperar a que la ODIN los contacte para corroborar que se hayan corregido las deficiencias señaladas. Consecuentemente, nuestros pronunciamientos disponen que los notarios tienen el deber de subsanar aquellas faltas en su obra notarial y coordinar las reuniones necesarias con la ODIN para realizar toda reinspección correspondiente en aras de finalizar el proceso de subsanación. Véase *In re: García Aguirre*, 190 D.P.R. 539, 545 (2014); *In re: Ponce Ponce*, 190 D.P.R. 504 (2014); *In re: Padilla Santiago*, 190 D.P.R. 535, 538 (2014); *In re: Martínez Class*, 184 D.P.R. 1050 (2012).

Este Tribunal ha sancionado con rigor aquella actitud caracterizada por la indiferencia y la desidia respecto a nuestras órdenes y señalamientos. Por ello, hemos determinado que tal conducta constituye una violación al canon 9 del *Código de Ética Profesional* y repercute en acciones disciplinarias contra los profesionales del Derecho. Igualmente, nuestra jurisprudencia establece que la "desatención a los requerimientos de la ODIN y del Procurador General tiene el mismo efecto que cuando se desatiende una orden emitida por este Tribunal. Por ello, ignorar los requerimientos del Procurador General y la ODIN constituye de por sí una falta ética que conlleva la imposición de sanciones disciplinarias severas". *In re:*

*Chardón Dubós*, 191 D.P.R. 201, 207 (2014); véase, además, *In re: Martínez Romero*, 188 D.P.R. 511, 514-515 (2013).

Por otra parte, conforme al artículo 12 de la *Ley Notarial,* 4 L.P.R.A. sec. 2023, y la Regla 12 del *Reglamento Notarial*, 4 L.P.R.A. Ap. XXIV R. 12, todo notario tiene el deber de rendir "un índice sobre sus actividades notariales, no más tarde del décimo día calendario del mes siguiente al mes informado . . . ". Hemos destacado que satisfacer esta obligación no requiere conocimientos especiales y todo profesional del Derecho debe guardar su cumplimiento estricto. *In re: Feliciano Lasalle*, 175 D.P.R. 110, 114-115 (2008); *In re: Cruz Ramos,* 127 D.P.R. 1005, 1007 (1991). Asimismo, surge del artículo 13 de la *Ley Notarial*, 4 L.P.R.A. sec. 2031a, que "todo notario remitirá al Director de la [ODIN], no más tarde del último día de febrero del año siguiente, el informe estadístico anual que le sea requerido de los documentos notariales autorizados durante el año precedente". Véase, además, Regla 13 del *Reglamento Notarial*, 4 L.P.R.A. Ap. XXIV R. 13; *In re: Da Silva Arcoho*, 189 D.P.R. 888, 892-893 (2013).

Por esto, hemos dispuesto que la omisión de rendir los índices e informes notariales constituye una falta grave que podría acarrear severas sanciones disciplinarias. Esto, pues, tal incumplimiento "puede prestarse a actuaciones de naturaleza grave y contribuir a la desviación de la fe pública que reviste a los

notarios." *In re: Miranda Casasnovas*, 175 D.P.R. en la pág. 779 (2009); véase, además, *In re: Feliciano Lasalle*, 175 D.P.R. en la pág. 114-115 (2008).

Por último, la ODIN tiene la labor de fiscalizar el ejercicio de la notaría conforme a las disposiciones de la *Ley Notarial* y el *Reglamento Notarial*. A esos fines, se realizan considerables esfuerzos para atender, junto con los profesionales del Derecho, aquellos defectos que se identifican, a través de los procedimientos de inspección, en las obras notariales. Pese a esto, continuamente son referidos ante este Tribunal notarios que ponen en jaque el ejercicio de su magisterio al rehuir aquellos señalamientos de la ODIN que tienen como objetivo asistirlos en sus esfuerzos para subsanar las faltas presentes en sus protocolos notariales. En esta ocasión, enfrentamos una de esas instancias.

### III

Según reseñado, las actuaciones y omisiones del licenciado Vázquez González durante el proceso de inspección de su obra notarial dilataron el proceso desde sus inicios, allá para el año 2011. A pesar de que, a la fecha, han transcurrido más de cuatro (4) años, la obra notarial de éste aún adolece de faltas que impiden su aprobación. Asimismo, éste demostró una actitud desafiante ante la ODIN y ante este Tribunal al no entregar su Libro de Registro de Testimonios, los índices mensuales e informes anuales en atraso, aun cuando fue ordenada la

incautación preventiva de su obra notarial en el año 2014. Tal proceder ha imposibilitado, a su vez, esclarecer la deuda del licenciado Vázquez González respecto al pago de su Fianza Notarial.[4]

La actitud del licenciado Vázquez González pone en manifiesto su patente indiferencia respecto sus deberes como abogado y notario.

Conforme a los hechos reseñados y los fundamentos de Derecho previamente esbozados, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del licenciado Vázquez González. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar oportunamente de sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tengan casos pendientes. Deberá acreditar a este

---

[4] La Fianza Notarial se impuso como un requisito para practicar la profesión notarial en Puerto Rico. Esta responde por los daños y perjuicios que cause un notario en el ejercicio de sus funciones o con relación al incumplimiento de sus deberes ministeriales. *In re: Ribas Dominicci*, 131 D.P.R. 491, 497 (1992). El artículo 7 de la Ley Notarial, 4 L.P.R.A. sec. 2011, dispone que todo notario tiene que prestar una fianza no menor de $15,000. En situaciones donde un notario opera al margen de éste requisito, hemos determinado necesaria nuestra intervención disciplinaria ya que "un notario que no cuenta con dicha protección constituye un peligro, no sólo para el tráfico jurídico de los bienes inmuebles, sino para las personas que utilizan sus servicios". *In re: Martínez Miranda*, 174 D.P.R. 773, 777 (2008).

Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Asimismo, se le ordena al licenciado Vázquez González a subsanar las deficiencias en su obra notarial, a sus expensas, y a entregar el Libro de Registro de Testimonios, los índices de actividad notarial mensual e informes de actividad notarial anual que adeuda, en un término -final e improrrogable- de treinta días (30). De igual forma, deberá acreditar a este Tribunal el cumplimiento con lo anterior.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re:* | | |
| Rafael J. Vázquez González | | TS-9498 |

SENTENCIA

San Juan, Puerto Rico, a 16 de febrero de 2016

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la práctica de la abogacía y la notaría del licenciado Vázquez González. En caso de que éste se encuentre representando clientes ante nuestros tribunales en la actualidad, se le impone el deber de notificar a éstos sobre su inhabilidad de continuar representándolos, devolver los honorarios por trabajos no realizados e informar oportunamente de sus respectivas suspensiones a cualquier foro judicial y administrativo en el que tengan casos pendientes. Deberá acreditar a este Tribunal el cumplimiento con lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Asimismo, se le ordena al licenciado Vázquez González a subsanar las deficiencias en su obra notarial, a sus expensas, y a entregar el Libro de Registro de Testimonios, los índices de actividad notarial mensual e informes de actividad notarial anual que adeuda, en un término -final e improrrogable- de treinta días (30). De igual forma, deberá acreditar a este Tribunal el cumplimiento con lo anterior.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo